1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 11cv403 WQH (POR) |
| Plaintiff, | ORDER |
| vs. | |
| SCOTT A. WAAGE; ROBERT O. JENSEN, | |
| Defendants. | |

12

13

14

15

HAYES, Judge:

16

The Matter before the Court is the Motion for a More Definite Statement and/or Motion

17

to Strike filed by Defendant Scott A. Waage (ECF No. 23).

18

## I.    Background

19

On February 28, 2011, Plaintiff United States of America initiated this action by filing

20

the complaint against Defendants Scott A. Waage and Robert O. Jensen.  (ECF No. 1).

21

On June 6, 2011, Defendant Scott A. Waage filed a Motion for a More Definite

22

Statement and/or Motion to Strike (ECF No. 23).  On that same day, Defendant Robert O.

23

Jensen filed a Motion to Join in the Motion for a More Definite Statement and/or Motion to

24

Strike filed by Defendant Scott A. Waage.  (ECF No. 24).  On June 27, 2011, Plaintiff United

25

States filed an Opposition.  (ECF No. 26).  On July 1, 2011, Defendant Scott A. Waage filed

26

a Reply.  (ECF No. 27).

27

## II.    Allegations of the Complaint

28

Defendant Scott A. Waage, an attorney, is the originator of an tax scheme that he calls

- 1 -                                                    11cv403 WQH (POR)

1    "Strategic Integrated Planning" which "illegally reduces his customer's reported taxable

2    income."    (ECF No. 1 at ¶ 1, 20).  Defendant Robert O. Jensen, certified public accountant,

3    works with Waage and prepares tax returns for customer utilizing the illegal tax scheme.

4    Waage and Jensen both perform work for Waage's law firm The Strategic Law Group.

5         "A typical customer of Waage and Jensen has a wholly-owned preexisting successful

6    business prior to engaging their services."  *Id*. at ¶ 24.  "Waage directs the creation of a sham

7    consulting company ... the customer becomes the sole owner and employee ...."  *Id*. at ¶ 29.

8    "Waage creates a purported 'irrevocable trust' for the customer's benefit ... [which] subscribes

9    to 100% of the shares of stock of the newly-formed consulting company."  *Id*. at ¶ 30.  "Waage

10   falsely tells his customers that placing the consulting company in an irrevocable trust allows

11   them to enjoy the tax benefits of this scheme ...."  *Id*. at ¶ 31.

12        "Waage then directs the customer to have his preexisting operating business 'hire' the

13   newly-formed consulting company ...."  *Id*. at ¶ 32.  "[A]fter establishing the sham consulting

14   company, the customer continues to operate his or her existing business in the same manner

15   as before.  The only difference is that the sham consulting company now charges sham fees

16   to the customer's legitimate operating business for supposed consulting services in order to

17   generate deductions for the operating business."  *Id*. at ¶ 33.

18        "Waage and/or Jensen may also direct the customer's operating business to pay sham

19   'fees' to the consulting company at the end of the tax year in order to fraudulently increase the

20   operating business's deductions for that year."  *Id*. at ¶ 35.  "Jensen then prepares and signs

21   the federal tax returns for the customer and fraudulently reduces the amount of tax that the

22   customer reports as owing."  *Id.*  at ¶ 24.  "The consulting company typically pays no taxes

23   because, at Waage and/or Jensen's direction, any money transferred to it is offset by a

24   corresponding sham business deduction."  *Id*. at ¶ 37.

25        As part of this scheme, the sham consulting company may lease the customer's home

26   for a low rate and deduct "100% of their home utilities ... as well as expenses for landscaping,

27   housekeeper, pest control and pool service."  *Id*. at ¶ 58.  The sham consulting company may

28   pay for the customer's medical expenses, dependent care expenses, and education expenses,

1   and deduct the amounts as business expenses.  The sham consulting company may purchase

2   a discriminatory pension plan or insurance policies, from a company which Waage has a

3   financial stake, and deduct payment of the premiums as business expenses or artificially

4   suppresses the policy's value.

5        Plaintiff cites "specific examples of the sham consulting company scheme." *Id.* at 10.

6   First, the creation of TJRK, Inc. in 2001 which resulted in the deduction of $4 million in

7   "bogus consulting fees" over the course of five years until 2006.  Second, as an example of the

8   "strategic integrated planning" tax scheme, the Complaint cites the creation of Katimreid in

9   2001 which resulted in the deduction of $1 million in "bogus 'business expenses'" over the

10  course of five years until 2006.  *Id*. at ¶ 72.  Finally, as an example of the sham pension plan

11  scheme, the Complaint cites the creation of CogentDesign in 2002 which resulted forfeiture

12  of $900,000 in 2006 after the IRS determined the pension plan was discriminatory and

13  improperly structured.

14       "[I]n at least tax years 2002 through 2006" Waage used his own tax schemes to funnel

15  profits from his law firm to his consulting company to pay personal expenses and fraudulently

16  reduce his reportable income by approximately $4.5 million. *Id*. at ¶ 130.  "[F]rom 2004

17  through 2007" Jensen used a sham consulting company to pay personal expenses and

18  fraudulently reduce his reportable income by approximately $42,000. *Id*. at ¶ 136.

19       "Waage or Jensen have not meaningfully curtailed their improper conduct, even with

20  increased IRS scrutiny of their activities in the past few years."  *Id.* at  ¶ 140.  "Waage and

21  Jensen continue to falsely insist that their various tax-fraud schemes are a legal way to reduce

22  taxable income."  *Id*. "Waage continues to give seminars to the public on a regular basis to

23  promote [his] supposed 'strategic integrated planning.'"  *Id*. at ¶ 141.  "[C]onferences were

24  recently held on February 4, 2011 and February 11, 2011."  *Id.*  "Waage has continued -

25  undeterred- in the promotion of his tax schemes despite the fact that at least a dozen former

26  clients have sued him for, inter alia, malpractice, professional negligence and breach of

27  contract after they discovered that the arrangements that Waage had set up for them

28  fraudulently reduced their taxable income." *Id.* at ¶ 142 (citing four cases filed in the Superior

1    Court of California against Waage or Waage's law firm). "[T]he tax schemes continue despite

2    the IRS's investigation and numerous lawsuits related to the schemes." *Id.* at ¶ 147.   Both

3    Waage and Jensen knew or had reason to know that statements they made regarding the tax

4    scheme were fraudulent. "Waage is in a position vis-a-vis the Strategic Law Group to continue

5    his fraudulent tax schemes to customers." *Id.*

6         Plaintiff asserts a claim for an injunction pursuant to I.R.C. § 7408 for engaging in

7    conduct subject to penalty under §§ 6700 and 6701; a claim for injunction pursuant to I.R.C.

8    § 7408 violations of I.R.C. §§ 6707(a) and 6111(a); and a claim for injunction pursuant to

9    I.R.C. § 7402 for unlawful interference with the enforcement of the internal revenue laws.

10   **III.    Motion for a More Definite Statement**

11        Defendant Waage and Jensen's motion is "based collectively upon Federal Rules of

12   Civil Procedure 8(a)(2), 9(b), 12(e) and 12(f)" and seeks "an order that the Government

13   provide a more definite statement of the conduct which it alleges [Defendants have] been and

14   [are] engaging in, or, a motion to strike particular allegations or relief sought by the

15   Government." (ECF No. 23-1 at 6).  "Mr. Waage does not believe anything he is saying or

16   doing as part of his professional practice violates the law" and the allegations "impugn or call

17   into disrepute Mr. Waage's professionalism." *Id.* at 21. Defendant Waage contends that "[t]he

18   Government threatens Mr. Waage's very livelihood; as such, it should be required to inform

19   Mr. Waage what it is about Mr. Waage's current or even recent conduct which supposedly

20   constitutes a basis for such a fundamental violation of Mr. Waage's substantive due process

21   rights." *Id.* at 7.  Defendants contend that the conduct which the United States alleges to be

22   illegal occurred five years in the past and there is no justification in the Complaint for an

23   injunction to prevent ongoing abuse.  Defendants contend that the complaint lacks "specificity

24   or plausibility of current conduct that would either entitle the Government to the onerous relief

25   it seeks or which would allow Mr. Waage sufficient notice to specifically defend himself." *Id.*

26        Plaintiff United States contends that the Complaint is pleaded with the requisite level

27   of particularity for a fraud claim on the grounds that it "describes with significant detail the

28   sham consulting company scheme, personal expense scheme, sham employee benefit plan

1   scheme and sham pension plan scheme and their mechanics." (ECF No. 26 at 10).  Plaintiff

2   United States contends that the promotion of illegal schemes is sufficiently pleaded to permit

3   injunctive relief in this case on the grounds that even if the Defendants voluntarily ceased

4   illegal activity, it is likely to reoccur.  Plaintiff United States contends that Defendants

5   improperly seek facts which are obtainable through discovery.

6          Federal Rule of Civil Procedure 12(e) provides: "A party may move for a more definite

7   statement of a pleading to which a responsive pleading is allowed but which is so vague or

8   ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

9   "Motions for a more definite statement are viewed with disfavor and are rarely granted because

10  of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.*,

11  874 F. Supp. 1072, 1077 (C.D. Cal. 1994); *see also* Schwarzer, et al., Federal Civil Procedure

12  § 9:349 ("A motion for a more definite statement attacks unintelligibility in a pleading, not

13  simply mere lack of detail.").  "[A] motion for a more definite statement should not be granted

14  unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922

15  F. Supp. 1450, 1461 (C.D. Cal. 1996) (citation omitted); *see also Boxall v. Sequoia Union*

16  *High School Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

17         In this case, the Complaint explains the mechanics of the allegedly illegal tax schemes

18  and alleges that Defendants either continue in the tax schemes or are in a position to continue

19  in the tax schemes through their work with the Strategic Law Group.  The Court finds that the

20  Complaint is not so vague or ambiguous that Defendants cannot reasonably prepare a response.

21  Defendants' Motion for More Definite Statement is DENIED.

22  **IV.   Motion to Strike**

23         Defendant Waage contends that the allegations regarding his personal tax audit and civil

24  actions filed against him should be stricken on the grounds that they are irrelevant and

25  immaterial to the current action.  Plaintiff United States contends that the allegations regarding

26  Defendant Waage's personal tax returns are relevant to Defendant's personal use of the illegal

27  tax-fraud scheme.  Plaintiff United States contends that the civil action regarding Defendant's

28  client use of the illegal tax-fraud scheme are relevant to Defendant's "promotion to,

1 │ involvement in, and awareness of" the illegal tax-fraud scheme.  (ECF No. 26 at 21).

2 │         Rule 12(f) of the Federal Rules of Civil Procedure states that a court "may strike from

3 │ a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

4 │ matter."  Fed. R. civ. P. 12(f).  "Immaterial matter is that which has no essential or important

5 │ relationship to the claim for relief or the defenses being plead." *Fantasy, Inc. v. Fogerty*, 984

6 │ F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds by *Fogerty v. Fantasy, Inc*., 510

7 │ U.S. 517 (1994)); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

8 │ 2010) (declining to strike a claim for damages "because whether these damages are

9 │ recoverable relates directly to the plaintiff's underlying claim for relief."). "Impertinent matter

10 │ consists of statements that do not pertain, and are not necessary, to the issues in question."

11 │ *Fantasy, Inc.*, 984 F.2d at 1527; *see also Reiter's Beer Distributors, Inc*., 657 F. Supp. 136,

12 │ 145 (E.D. N.Y. 1987) (striking certain references to litigation which were unrelated to the

13 │ complaint on the grounds that they were "improper and irrelevant.").

14 │         A motion to strike under "Rule 12(f) 'is neither an authorized nor a proper way to

15 │ procure the dismissal of all or a part of a complaint.'" *Yamamoto v. Omiya*, 564 F.2d 1319,

16 │ 1327 (9th Cir. 1977) (Hufstedler, J., concurring and dissenting) (quoting 5 Wright & Miller,

17 │ Federal Prac. & Proc. § 1380, at 782).  Motions to strike are generally regarded with disfavor

18 │ and "should not be granted unless it is clear that the matter to be stricken could have no

19 │ possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F.

20 │ Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation omitted).  In exercising its discretion, the court

21 │ views the pleadings in the light most favorable to the non-moving party, and "resolves any

22 │ doubt as to the relevance of the challenged allegations or sufficiency of a defense in the

23 │ defendant's favor." *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033.

24 │         The Complaint asserts a claim for violation of 26 U.S.C. 6700 against Waage which

25 │ provides a penalty for "a statement with respect to the allowability of any deduction or credit...

26 │ which the person *knows or has reason to know* is false or fraudulent...."  26 U.S.C. §

27 │ 6700(a)(2)(A) (emphasis added).  The Complaint asserts a claim for violation of 26 U.S.C.

28 │ 6701 against Jensen which provides a penalty for "[a]ny person ... who aids or assists in ... the

1  preparation or presentation of any portion of a return... who *knows (or has reason to believe)*

2  that such portion ... would result in an understatement of the liability for tax of another

3  person." 26 U.S.C. § 6701(a) (emphasis added).  The Complaint alleges that Defendants used

4  the same allegedly illegal tax schemes described in the Complaint in their own tax returns.  The

5  Complaint alleges that each of the civil suits cited in the Complaint are based on clients' use

6  of the allegedly illegal tax schemes described in the Complaint.  At this stage in the case, the

7  Court finds that it is not "clear that the matter to be stricken could have no possible bearing on

8  the subject matter of the litigation."  *Neveau*, 392 F. Supp. 2d at 1170; *see also Cal. Dept. of*

9  *Toxic Substances Control*, 217 F. Supp. 2d at 1033.  Accordingly, the Motion to Strike is

10  DENIED.

11  **V.     Conclusion**

12        The Motion for a More Definite Statement and/or Motion to Strike filed by Defendant

13  Scott A. Waage (ECF No. 23) is DENIED.

14  DATED:  September 30, 2011

15                                                   **WILLIAM Q. HAYES**

16                                           United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28