# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 11cv403 WQH (POR) |
| Plaintiff, | ORDER |
| vs. | |
| SCOTT A. WAAGE; ROBERT O. JENSEN, | |
| Defendants. | |

HAYES, Judge:

The Matter before the Court is the Motion for a More Definite Statement and/or Motion to Strike filed by Defendant Scott A. Waage (ECF No. 23).

## I.  Background

On February 28, 2011, Plaintiff United States of America initiated this action by filing the complaint against Defendants Scott A. Waage and Robert O. Jensen. (ECF No. 1).

On June 6, 2011, Defendant Scott A. Waage filed a Motion for a More Definite Statement and/or Motion to Strike (ECF No. 23). On that same day, Defendant Robert O. Jensen filed a Motion to Join in the Motion for a More Definite Statement and/or Motion to Strike filed by Defendant Scott A. Waage. (ECF No. 24). On June 27, 2011, Plaintiff United States filed an Opposition. (ECF No. 26). On July 1, 2011, Defendant Scott A. Waage filed a Reply. (ECF No. 27).

## II.  Allegations of the Complaint

Defendant Scott A. Waage, an attorney, is the originator of an tax scheme that he calls

1  "Strategic Integrated Planning" which "illegally reduces his customer's reported taxable
2  income."   (ECF No. 1 at ¶ 1, 20).  Defendant Robert O. Jensen, certified public accountant,
3  works with Waage and prepares tax returns for customer utilizing the illegal tax scheme.
4  Waage and Jensen both perform work for Waage's law firm The Strategic Law Group.

5    "A typical customer of Waage and Jensen has a wholly-owned preexisting successful
6  business prior to engaging their services." *Id*. at ¶ 24.  "Waage directs the creation of a sham
7  consulting company ... the customer becomes the sole owner and employee ...." *Id*. at ¶ 29.
8  "Waage creates a purported 'irrevocable trust' for the customer's benefit ... [which] subscribes
9  to 100% of the shares of stock of the newly-formed consulting company." *Id*. at ¶ 30.  "Waage
10 falsely tells his customers that placing the consulting company in an irrevocable trust allows
11 them to enjoy the tax benefits of this scheme ...." *Id*. at ¶ 31.

12   "Waage then directs the customer to have his preexisting operating business 'hire' the
13 newly-formed consulting company ...." *Id*. at ¶ 32.  "[A]fter establishing the sham consulting
14 company, the customer continues to operate his or her existing business in the same manner
15 as before.  The only difference is that the sham consulting company now charges sham fees
16 to the customer's legitimate operating business for supposed consulting services in order to
17 generate deductions for the operating business." *Id*. at ¶ 33.

18   "Waage and/or Jensen may also direct the customer's operating business to pay sham
19 'fees' to the consulting company at the end of the tax year in order to fraudulently increase the
20 operating business's deductions for that year." *Id*. at ¶ 35.  "Jensen then prepares and signs
21 the federal tax returns for the customer and fraudulently reduces the amount of tax that the
22 customer reports as owing." *Id.* at ¶ 24.  "The consulting company typically pays no taxes
23 because, at Waage and/or Jensen's direction, any money transferred to it is offset by a
24 corresponding sham business deduction." *Id*. at ¶ 37.

25   As part of this scheme, the sham consulting company may lease the customer's home
26 for a low rate and deduct "100% of their home utilities ... as well as expenses for landscaping,
27 housekeeper, pest control and pool service." *Id*. at ¶ 58.  The sham consulting company may
28 pay for the customer's medical expenses, dependent care expenses, and education expenses,

and deduct the amounts as business expenses. The sham consulting company may purchase a discriminatory pension plan or insurance policies, from a company which Waage has a financial stake, and deduct payment of the premiums as business expenses or artificially suppresses the policy's value.

Plaintiff cites "specific examples of the sham consulting company scheme." *Id.* at 10. First, the creation of TJRK, Inc. in 2001 which resulted in the deduction of $4 million in "bogus consulting fees" over the course of five years until 2006. Second, as an example of the "strategic integrated planning" tax scheme, the Complaint cites the creation of Katimreid in 2001 which resulted in the deduction of $1 million in "bogus 'business expenses'" over the course of five years until 2006. *Id.* at ¶ 72. Finally, as an example of the sham pension plan scheme, the Complaint cites the creation of CogentDesign in 2002 which resulted forfeiture of $900,000 in 2006 after the IRS determined the pension plan was discriminatory and improperly structured.

"[I]n at least tax years 2002 through 2006" Waage used his own tax schemes to funnel profits from his law firm to his consulting company to pay personal expenses and fraudulently reduce his reportable income by approximately $4.5 million. *Id.* at ¶ 130. "[F]rom 2004 through 2007" Jensen used a sham consulting company to pay personal expenses and fraudulently reduce his reportable income by approximately $42,000. *Id.* at ¶ 136.

"Waage or Jensen have not meaningfully curtailed their improper conduct, even with increased IRS scrutiny of their activities in the past few years." *Id.* at ¶ 140. "Waage and Jensen continue to falsely insist that their various tax-fraud schemes are a legal way to reduce taxable income." *Id.* "Waage continues to give seminars to the public on a regular basis to promote [his] supposed 'strategic integrated planning.'" *Id.* at ¶ 141. "[C]onferences were recently held on February 4, 2011 and February 11, 2011." *Id.* "Waage has continued - undeterred- in the promotion of his tax schemes despite the fact that at least a dozen former clients have sued him for, inter alia, malpractice, professional negligence and breach of contract after they discovered that the arrangements that Waage had set up for them fraudulently reduced their taxable income." *Id.* at ¶ 142 (citing four cases filed in the Superior

Court of California against Waage or Waage's law firm). "[T]he tax schemes continue despite the IRS's investigation and numerous lawsuits related to the schemes." *Id.* at ¶ 147. Both Waage and Jensen knew or had reason to know that statements they made regarding the tax scheme were fraudulent. "Waage is in a position vis-a-vis the Strategic Law Group to continue his fraudulent tax schemes to customers." *Id.*

Plaintiff asserts a claim for an injunction pursuant to I.R.C. § 7408 for engaging in conduct subject to penalty under §§ 6700 and 6701; a claim for injunction pursuant to I.R.C. § 7408 violations of I.R.C. §§ 6707(a) and 6111(a); and a claim for injunction pursuant to I.R.C. § 7402 for unlawful interference with the enforcement of the internal revenue laws.

### III.  Motion for a More Definite Statement

Defendant Waage and Jensen's motion is "based collectively upon Federal Rules of Civil Procedure 8(a)(2), 9(b), 12(e) and 12(f)" and seeks "an order that the Government provide a more definite statement of the conduct which it alleges [Defendants have] been and [are] engaging in, or, a motion to strike particular allegations or relief sought by the Government." (ECF No. 23-1 at 6). "Mr. Waage does not believe anything he is saying or doing as part of his professional practice violates the law" and the allegations "impugn or call into disrepute Mr. Waage's professionalism." *Id.* at 21. Defendant Waage contends that "[t]he Government threatens Mr. Waage's very livelihood; as such, it should be required to inform Mr. Waage what it is about Mr. Waage's current or even recent conduct which supposedly constitutes a basis for such a fundamental violation of Mr. Waage's substantive due process rights." *Id.* at 7. Defendants contend that the conduct which the United States alleges to be illegal occurred five years in the past and there is no justification in the Complaint for an injunction to prevent ongoing abuse. Defendants contend that the complaint lacks "specificity or plausibility of current conduct that would either entitle the Government to the onerous relief it seeks or which would allow Mr. Waage sufficient notice to specifically defend himself." *Id.*

Plaintiff United States contends that the Complaint is pleaded with the requisite level of particularity for a fraud claim on the grounds that it "describes with significant detail the sham consulting company scheme, personal expense scheme, sham employee benefit plan

scheme and sham pension plan scheme and their mechanics." (ECF No. 26 at 10). Plaintiff United States contends that the promotion of illegal schemes is sufficiently pleaded to permit injunctive relief in this case on the grounds that even if the Defendants voluntarily ceased illegal activity, it is likely to reoccur. Plaintiff United States contends that Defendants improperly seek facts which are obtainable through discovery.

Federal Rule of Civil Procedure 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994); *see also* Schwarzer, et al., Federal Civil Procedure § 9:349 ("A motion for a more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail."). "[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citation omitted); *see also Boxall v. Sequoia Union High School Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

In this case, the Complaint explains the mechanics of the allegedly illegal tax schemes and alleges that Defendants either continue in the tax schemes or are in a position to continue in the tax schemes through their work with the Strategic Law Group. The Court finds that the Complaint is not so vague or ambiguous that Defendants cannot reasonably prepare a response. Defendants' Motion for More Definite Statement is DENIED.

**IV.    Motion to Strike**

Defendant Waage contends that the allegations regarding his personal tax audit and civil actions filed against him should be stricken on the grounds that they are irrelevant and immaterial to the current action. Plaintiff United States contends that the allegations regarding Defendant Waage's personal tax returns are relevant to Defendant's personal use of the illegal tax-fraud scheme. Plaintiff United States contends that the civil action regarding Defendant's client use of the illegal tax-fraud scheme are relevant to Defendant's "promotion to,

involvement in, and awareness of" the illegal tax-fraud scheme. (ECF No. 26 at 21).

Rule 12(f) of the Federal Rules of Civil Procedure states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (declining to strike a claim for damages "because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief."). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527; *see also Reiter's Beer Distributors, Inc.*, 657 F. Supp. 136, 145 (E.D. N.Y. 1987) (striking certain references to litigation which were unrelated to the complaint on the grounds that they were "improper and irrelevant.").

A motion to strike under "Rule 12(f) 'is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) (Hufstedler, J., concurring and dissenting) (quoting 5 Wright & Miller, Federal Prac. & Proc. § 1380, at 782). Motions to strike are generally regarded with disfavor and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation omitted). In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party, and "resolves any doubt as to the relevance of the challenged allegations or sufficiency of a defense in the defendant's favor." *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033.

The Complaint asserts a claim for violation of 26 U.S.C. 6700 against Waage which provides a penalty for "a statement with respect to the allowability of any deduction or credit... which the person *knows or has reason to know* is false or fraudulent...." 26 U.S.C. § 6700(a)(2)(A) (emphasis added). The Complaint asserts a claim for violation of 26 U.S.C. 6701 against Jensen which provides a penalty for "[a]ny person ... who aids or assists in ... the

preparation or presentation of any portion of a return... who *knows (or has reason to believe)* that such portion ... would result in an understatement of the liability for tax of another person." 26 U.S.C. § 6701(a) (emphasis added). The Complaint alleges that Defendants used the same allegedly illegal tax schemes described in the Complaint in their own tax returns. The Complaint alleges that each of the civil suits cited in the Complaint are based on clients' use of the allegedly illegal tax schemes described in the Complaint. At this stage in the case, the Court finds that it is not "clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau*, 392 F. Supp. 2d at 1170; *see also Cal. Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033. Accordingly, the Motion to Strike is DENIED.

**V.  Conclusion**

The Motion for a More Definite Statement and/or Motion to Strike filed by Defendant Scott A. Waage (ECF No. 23) is DENIED.

DATED:  September 30, 2011

                                                 *William Q. Hayes*
                                            **WILLIAM Q. HAYES**
                                            United States District Judge